IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-13-01-M |
| | § | |
| JASPER EVINS | § | |

## ORDER OF DETENTION

On January 8, 2013, this Court conducted a combined Identity and Detention Hearing in the above-styled and numbered cause; the Government had moved for the detention of the Defendant, **Jasper Evins**. The Government offered the testimony of Agent Jason Quijano, a League City Police Officer assigned to the local D.E.A. Task Force; **Evins** made proffers of the opinions of his mother, Donna Grant, and fiancé, Agatha Loyo, that **Evins** would make any required any Court appearances in Indiana and would not commit any criminal violations that might jeopardize his ability to be with his child due to be born eleven (11) days from the date of the Hearing. The Court also made the Pretrial Services report, which recommended detention, a part of the record. Having now considered all of the evidence the Court issues the following findings of facts and conclusions of law.

The Court **FINDS** that there is probable cause to believe that the **Jasper Evins** present at the Hearing is the **Jasper Evins** named in the Indictment now pending in Case No. 1:12-cr-211, <u>United States of America v. Stephen Allen and Jasper Evins</u>, now pending before the United States District Court for the Southern District of Indiana, Indianapolis Division charging **Evins** with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and possession with intent to distribute 5 kilograms or more of cocaine.

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), that the following facts are established by clear and convincing evidence and require the detention of the **Jasper Evins** pending trial in this case:

1. That there is probable cause to believe that in September 2012 **Evins** committed the felony offenses of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Evins'** detention, 18 U.S.C. § 3142(e);

3. That at the time of the commission of the cocaine trafficking offenses in this case, **Evins** was on bond for a felony involving the possession of 3 kilograms of cocaine committed in Chambers County, Texas, in January 2012;

4. That **Evins** has failed to rebut the presumption created by 18 U.S.C. § 3142(e);

5. That by virtue of the foregoing findings **Evins** would constitute a danger to the community if released; and

6. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Evins** by this Court to reasonably assure his appearance as required and the safety of any other person and the community if he were released.

It is, therefore, **ORDERED** that **Jasper Evins** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Jasper Evins SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Jasper Evins** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Houston, Texas this _____10th_____ day of January, 2013.

_____
John R. Froeschner
United States Magistrate Judge